

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/02/2009

| | | |
|---|---|---|
| IN RE: § | | |
| JEFFREY A. SHANKMAN § | CASE NO: 08-36327 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| LOWELL CAGE CH7 TRUSTEE § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 09-3113 | |
| § | | |
| JEFFREY A. SHANKMAN § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION REGARDING
## AMENDMENT OF COMPLAINT AND REQUIREMENTS RELATED THERETO

In the complaint commencing this adversary proceeding, the chapter 7 Trustee timely objected to Debtor's bankruptcy discharge alleging that Debtor (i) failed to turn over documents relating to some 17 assets, many of which appear to be investments in closely-held enterprises, (ii) failed to provide tax returns, (iii) failed to provide documentation relating to his recent divorce, (iv) failed to disclose significant assets, (v) failed to turn over assets to the Trustee and (vi) attempted to sell property of the estate or to give assets to creditors in satisfaction of debt. The Trustee now seeks permission to amend his complaint to add two additional bases for denial of discharge. First, the Trustee would allege that Debtor did not comply with a Court order in the bankruptcy case to provide certain information. Second, the Trustee would allege that subsequent to the deadline for filing objections to discharge, Debtor received cash that was property of the estate and failed to turn that property over to the Trustee. For reasons set forth below, the Court has granted the relief requested by the Trustee.

### CONTENTIONS IN THE MOTION AND THE RESPONSE

In docket # 14, the Trustee asks for authority to amend his complaint. The Trustee alleges that Debtor (i) has failed to comply with a bankruptcy Court order requiring production of documents[1] and (ii) has received about $14,000 that is property of the estate and has failed to turn over that money to the Trustee.[2] Debtor argues that the amendment is not allowed because the deadline for filing an objection to Debtor's discharge has passed.[3]

---

[1] The Trustee relies on Bankruptcy Code § 727(a)(6).
[2] The Trustee relies on Bankruptcy Code § 727(a)(2).
[3] The deadline in this case was January 12, 2009. *See* FRBP 4004(a). A discharge was not promptly issued after that date because the Trustee had timely filed this objection to the discharge, *see* FRBP 4004(c)(1)(B).

## CONCLUSIONS OF LAW

A.  Outline of the Statute and Rules

The Bankruptcy Code establishes a limited number of grounds on which a party in interest may object to a debtor's bankruptcy discharge (Bankruptcy Code § 727(a)).  Rule 4004(a) of the Federal Rules of Bankruptcy Procedure ("FRBP") sets the deadline for filing an objection to discharge: 60 days after the first date set for the meeting of creditors.  The jurisprudence and commentators generally agree that public policy requires an early and definitive deadline for filing objections to discharge and an early and definitive statement of the basis of that objection.  To effect that policy, the rules provide that the deadline for filing an objection to discharge cannot be extended unless a motion to extend the deadline is filed before the deadline has run.[4]  In further expression of that policy, the jurisprudence is generally uniform in holding that if a complaint objecting to discharge is filed, it cannot be amended after the deadline to substitute a successor party plaintiff or to add new bases for denial of the discharge.[5]

The bases for objection to discharge include:[6]

(2) With the intent to hinder, delay, or defraud a creditor or the bankruptcy trustee the debtor has transferred, removed, destroyed, or concealed property of the estate within one year prior to the filing of the bankruptcy petition or at any time after the filing of the bankruptcy petition;
(3) Without justification, the debtor has concealed, destroyed, mutilated falsified, or failed to keep recorded information from which the debtor's financial condition or business transactions might be ascertained;
(4) The debtor knowingly and fraudulently made a false oath in connection with the case or withheld from the trustee recorded information relating to the debtor's property or financial affairs;
(5) The debtor has failed to explain satisfactorily any loss or deficiency of assets;
(6) The debtor has refused to obey a bankruptcy court order.

If an objection is not timely filed, the bankruptcy court is required to issue the discharge 'forthwith."[7]  However, if an objection to discharge has been timely filed, the entry of discharge is delayed to the conclusion of the trial of the objection.[8]

If the bankruptcy court has issued a discharge, Code § 727(d) requires the court to revoke a discharge on request of the trustee, a creditor, or the United States trustee if:[9]

---

[4] FRBP 4004(b).
[5] *See Collier on Bankruptcy, 15th Ed. ¶ 4004.02.*
[6] This memorandum only summarizes the statutory provisions applicable to this adversary proceeding.  The numbers of the subparagraphs in the text are keyed to the subparagraphs of §727(a).
[7] FRBP 4004(c).
[8] Advisory Committee notes to FRBP 4004.
[9] Again, the provisions are summarized, subparagraphs irrelevant to the parties' argument are ignored, and the paragraph numbers correspond to the statutory subparagraphs.

>   (1) The debtor obtained the discharge through fraud and the party requesting the revocation of discharge did not know of the fraud until after issuance of the discharge;
>   (2) The debtor acquired property that is property of the estate and knowingly and fraudulently failed to report the acquisition or to deliver the property to the trustee;
>   (3) The debtor has refused to obey a bankruptcy court order.

The deadline for filing a complaint to revoke a discharge is set by statute. The complaint must be filed within one year after the discharge was granted if the basis of the complaint is fraud. For a complaint alleging other grounds, the deadline is the later of one year after the discharge was granted or the date that the case is closed.[10]

The rules attempt to establish a simple but rigid process. Sixty days after the creditors meeting the debtor should know whether any party would object to the discharge and the debtor should know what the basis of that objection would be. The discharge would be entered immediately, and the only further litigation that might occur with respect to the discharge would be a complaint to revoke the discharge under the limited authority of § 727(d).

B.   Problems With the Simple, Rigid Process

Unfortunately, the existing structure is not seamless. Although FRBP 4004(c)(1) generally requires issuance of a discharge "forthwith" (after the 60 day objection period has passed), there are several exceptions. If any of these exceptions apply, there is a gap ("Gap") between the deadline for filing objections to discharge and the entry of the discharge. That Gap may be substantial. An objection to discharge is an adversary proceeding governed by the same rules that apply to civil suits in the district court. Service of summons and complaint, discovery, pretrial conferences and pretrial motions take time. Some objections to discharge involve complex allegations of fraud and require substantial pretrial discovery and preparation. Crowded dockets delay trial settings.

C.   Issues that Occur Because There is A Gap

There are two easily identifiable problems that may occur in this Gap. There are probably more.

   1.   Fraud Discovered During the Gap

A party entitled to object to discharge may discover debtor fraud during the Gap. Although the discharge has not been entered, the deadline for objecting to issuance of a discharge has run. As noted above, if the debtor obtains a discharge by fraud, the discharge may be revoked, but only if the complaining party did not know of the fraud prior to entry of the discharge. If the complaining party learned of the fraud during the Gap, revocation of discharge is not possible. The unintended consequence of this disconnect between the FRBP and the statute is ironic. The debtor might be able to obtain immunity from revocation of the discharge

---

[10] Bankruptcy Code § 727(e).

by disclosing fraud during the Gap.  At least theoretically, the Court would be required to enter the discharge because the deadline for objecting has run, even though it knows that the discharge should not be entered.  That literalism is directly contrary to the logic of *Marrama v. Citizens Bank of Massachusetts*, 549 US 365 (2007).

The circuits have split on how to address the problem.  In *Zedan v. Habash,* 529 F.3d 398 (7th Cir. 2008) the court affirmed the bankruptcy and district courts in their dismissal of a complaint objecting to discharge under § 523(a) and concurrently seeking revocation of the discharge under § 727(d).[11]  The Second and Ninth Circuits, however, have reached a different result by creating a legal fiction that the discharge had been entered "forthwith" as required by the rule.  They allowed a complaint to revoke a discharge that had not yet actually been entered.[12]

In response to this split, the Rules Committee has circulated a proposal for amendment of Rule 4004 that would permit the bankruptcy judge to extend the deadline for filing objections to discharge if the discharge has not been entered and if the objection to discharge would be a basis for revocation of a discharge if a discharge had been entered.[13]

  2.  Misconduct In the GAP

Unfortunately the proposal for amendment ignores the fact that not all conduct for which a discharge might be denied must occur prior to the deadline for objecting to discharge.  The proposal also ignores the fact that the reasons for denial of discharge are broader than the bases for revocation of discharge.  Thus, although the proposed rule change resolves some of the defect in the current rule, it does not fully address the potential problems.

  a.  Misconduct after the deadline

In the case at bar, the Trustee alleges that the misconduct occurred after the deadline for objecting to discharge.  Section 727(a) provides for denial of discharge for conduct that occurs "after the date of the filing of the petition" or "before determination of denial of discharge under this paragraph", "during the case", or sometimes without deadline.[14]  It is obvious that the statute provides a penalty for some conduct that could occur after the 60 day deadline but before entry of the discharge.

---

[11] The court noted the illogic of seeking revocation of a discharge that had not yet been entered.

[12] *In re Emery*, 132 F.3d 892 (2nd Cir. 1998), *In re Dietz*, 914 F.2d 161 (9th Cir. 1990).  It is interesting to note that the 2nd and 9th circuit solutions work only if no objection to discharge was filed.  If an objection to discharge was filed, the legal fiction will not work because FRBP 4004(c)(1)(B) prohibits entry of the discharge and thus voids the fiction.  There are other grounds in FRBP 4004(c) that could void the fiction.  The legal fiction works only if no objection was filed and the cause of delay in entering the discharge resulted by court oversight.

[13] The proposed amendment can be found at: http://www.uscourts.gov/rules/proposed0809/BK_Rules_Forms_Amendments.pdf.

[14] Of course, logically there would be a deadline created by entry of the discharge.  Conduct occurring after that date would not be grounds for denial of the discharge.

3.  Section 727(a) and 727(d) are not coextensive

Section 727(a) and § 727(d) are similar, but not coextensive. The elements that an objecting party must prove to revoke a discharge are much more limited and stringent than the elements to deny discharge. The following table is illustrative, but by no means exhaustive:

| Section 727(a) Basis for Denial of Discharge | Closest Similar Section 727(d) Provision for Revocation | Comment |
|---|---|---|
| (a)(2)—debtor, with intent to hinder … a creditor … permitted property of the estate to be concealed after the date of the filing of the petition. | (d)(2)—debtor acquired property that is property of the estate or became entitled to acquire the property and knowingly and fraudulently failed to report or deliver the property to the trustee | Obviously, the "knowingly and fraudulently" requirements of § 727(d) are not found in § 727(a). "Permitted to be concealed, destroyed, or mutilated" could easily include conscious indifference that does not rise to the level of intentional fraud. |
| (a)(2) extends to debtor efforts to hinder, delay or defraud and it relates to property | (d)(1) only fraud relating to obtaining the discharge is grounds for revocation of a discharge. | One can imagine a set of facts in which fraud relates to property but not directly to obtaining the discharge. One could also imagine a set of facts in which the debtor hindered, but did not commit fraud. |
| (a)(3)—debtor mutilated recorded information, unless the act was justified under all the circumstances of the case | (d)(1)—debtor obtained the discharge by fraud | Conceivably, during the GAP debtor could maliciously (but not fraudulently) destroy recorded information with immunity |

## CONCLUSIONS

A.  Bankruptcy Rules Cannot Deny a Substantive Right By Setting a Deadline That Runs Prior to the Alleged Misconduct For Which The Statute Would Allow Relief

The jurisprudence generally involves conduct that occurred prior to the deadline for objecting to discharge; the issue in those cases is whether the deadline prevents a party from filing an objection if knowledge of the alleged misconduct was not obtained until after the deadline. With respect to that fact pattern, a reasonable argument can be made that some deadline is necessary, and that the proper balance is to set an early, definitive deadline.

But if the alleged misconduct occurred subsequent to the objection deadline, that argument does not ring true. Very simply, why should a debtor, post-deadline, be immunized by the FRBP from the statutory consequences of mutilating property of the estate or from the statutory

consequences of "permitting" the removal of property of the estate with the intent to hinder or to delay the trustee or creditors? [15]

Setting a deadline that effectively eliminates the ability to assert a statutory right renders a rule invalid.

> Bankruptcy Rules may not abridge or modify any substantive right, 28 U.S.C. § 2075, such as the rights provided in Section 727. The rights of parties who could otherwise object to alleged debtor misconduct under Section 727, would be unreasonably frustrated, if Rule 4004 were read to create a temporary period where no type of complaint under Section 727 could be brought.[16]

The Second and Ninth Circuits did not need to address that issue and the proposed amendment to the FRBP does not address it.

B. Alternatively, if the Rule is Valid, the Court Adopts the Rule Announced by the Ninth Circuit BAP, An Extended Version of the Second and Ninth Circuit Analysis

In *Stevens,* the 9th Circuit BAP adopted the following rule:

> When a discharge is not entered "forthwith" after the expiration of the Rule 4004(a) period and until a discharge is actually entered, although a complaint objecting to discharge under Section 727(a) would be untimely, a party may properly file a complaint under Section 727(d) to "revoke" the discharge for
>
> 1) conduct occurring prior to the expiration of the Rule 4004(a) period of which the party did not have knowledge in time to file a timely complaint under Section 727(a) due to the fraud of the debtor or
>
> 2) conduct occurring after the expiration of the Rule 4004(a) period.

The proposed rule amendment is not yet in effect. Pending that, the Court adopts the 9th Circuit BAP conclusion.

C. An Equitable Exception Is Appropriate Under These Circumstances

Statutes of limitations and deadlines are important to the law and in general they are very strictly enforced: *Taylor v. Freeland & Kronz*, 503 US 638 (1992), (strictly enforcing the deadline for objections to exemption of property notwithstanding improper conduct in claiming the exemption.) But the deadline for objections to discharge is not jurisdictional: *Kondrick v. Ryan* 540 US 443 (2004).

---

[15] The reference to "immunity" is taken from the 9th Circuit BAP, *In re Stevens*, 107 BR 702, 705 (9th Cir. BAP 1989). The 9th Circuit BAP was not directly addressing the issue posed in this memorandum, however.

[16] *Stevens, supra.*

In footnote 11 of *Kondrick v. Ryan*, the Supreme Court noted that "Lower courts have divided on the question whether Bankruptcy Rules 4004 and 4007(c) allow equitable exceptions." The court expressly declined to rule on that issue.

To the extent that interpretation of Rule 4004(a) would deny a creditor, the trustee, or the United States Trustee a right established by statute, an equitable exception is appropriate and the Court will recognize it.

D.     Amendment of Pleadings To Avoid Duplicate and Wasteful Litigation

As noted, generally courts deny permission to amend complaints to include new claims after the deadline for filing objections to discharge. This supports the policy of providing early and definitive notice of the existence and extent of objections to discharge.

This adversary proceeding was filed prior to the deadline for objecting to Debtor's discharge. That distinguishes the current situation from *Zedan* because no adversary proceeding relating to denial of discharge had been timely filed in that case and therefore no amendment was possible. This adversary proceeding is also distinguished from *Zedan* because the objections that the Trustee seeks to assert in this adversary proceeding allegedly occurred during the Gap. The Trustee allegedly could not have learned of the issues or included them in his complaint because they had not occurred.

The proposed amendment to the FRBP is not yet effective. The options available to this Court are: (1) Deny the amendment to the pleadings, hold a trial and determine whether the discharge is denied for the reasons currently included in the Trustee's complaint, and then allow the Trustee to bring an action to revoke discharge if the Trustee loses his complaint to deny discharge, or (2) adopt the Second and Ninth Circuit solutions of allowing the Trustee to seek to revoke a discharge that has not yet been issued.

While there might be issue preclusion arguments arising if the Trustee lost the first round and sought to file a complaint to revoke the discharge, in theory, at least, it might be possible to try the issues piecemeal this way. But it certainly does not seem to be efficient, for the parties or for the Court.

FRBP 7015 gives the Court discretion to allow amendment of pleadings and requires the Court to give consent to amend "when justice so requires." Although FRCP 15 (adopted by FRBP 7015) limits retroactivity of amendments, the Court has already concluded that the amendment would be allowed to the extent that (i) the alleged misconduct is a basis for revocation of discharge under § 727(d) or (ii) the conduct occurred during the Gap. Therefore, the amendment is allowed.

E.     Amendment of Complaint Allowed

Therefore, the Court will allow the Trustee to amend the complaint.

## REQUIREMENTS AND DEADLINES RELATED TO AMENDMENT
## OF THE COMPLAINT

Recognizing that other courts have viewed this problem differently, the Court will require the Trustee to modify his proposed amendment of the complaint both to state the new issues both as objections to discharge and as requests to revoke the discharge. The amendment will also facilitate appellate review for definitive guidance to this court for future situations.

Therefore, the following additional deadlines and requirements apply to the amended complaint and to the amended answer.

The Trustee must revise the amended complaint currently on file:

(1) To include allegations that would be appropriate and necessary to seek revocation of the discharge under § 727(d) if the discharge had been entered;

(2) To allege with particularity:

   a) The details concerning the (approximately) $14,000 allegedly received by the Debtor (including at least as much information as the Trustee has available concerning the identity of the payor and payee, the reason for the payment, the date of the payment, and date that the trustee learned of the payment);
   b) The details of the order allegedly violated.

The amended complaint must be filed by September 11, 2009. The deadline for Debtor's answer is September 25, 2009.

SIGNED 09/01/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge